United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Woody Anglade
Trial Attorney

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION NO. |
| v. | )<br>) |
| ALROD ENTERPRISES INC., | ) COMPLAINT<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex, female, and to provide appropriate relief to Charging Party Patricia Fullmer, who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Patricia Fullmer was subjected to sexual harassment by her male supervisor, Vincent DiMatteo, beginning in or about October 2003. The Commission alleges that despite numerous complaints by Ms. Fullmer, Defendant Alrod Enterprises, Inc. ("Alrod"), failed to undertake any effective remedial action to stop the offensive and discriminatory conduct. As a result of the sexual harassment, Ms. Fullmer was constructively discharged from her position, suffered severe emotional distress damages and backpay losses as a result of the illegal conduct.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Alrod Enterprises, Inc. ("Alrod") has continuously been and is now doing business in the State of Pennsylvania and the City of Philadelphia, PA, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Patricia Fullmer filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2003, Defendant Employer has engaged in unlawful

2

employment practices at its Philadelphia, Pennsylvania facility, in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000(e)-3(a)(1), by subjecting Charging Party Patricia Fullmer to a sexually hostile and abusive work environment. The unlawful employment practices include, but are not limited to, the following:

(a) Patricia Fullmer started working for Defendant as an Administrative Assistant in or about June 2003. Defendant is a security services company. In September 2003, she was promoted to Scheduler. Her duties and responsibilities as Scheduler included preparing weekly work for employees assigned to Philadelphia contracts, sending completed schedules to the contract sites and part-time employees, updating changes to the schedule, and notifying employees of changes to the schedule. At all relevant times, Ms. Fullmer's performance was outstanding.

(b) Beginning in or about October 2003, Ms. Fullmer was subjected to egregious sexual harassment by her immediate supervisor and Defendant's Philadelphia Project Manager, Vincent DiMatteo. He would scream and yell obscenities at her on a weekly basis. He would constantly make comments to her such as "f--k this, f--k that," "what are you f--king stupid," and that she needed to be a "f--king bitch" with the employees to earn their respect. He would often make these highly offensive comments while pointing at Ms. Fullmer. He also voiced obscenities in her presence all the time during the work day.

(c) DiMatteo would make other inappropriate sexually harassing remarks to her such as "women don't get headaches, they give headaches," and "if it bleeds, I don't go near it," while referring to women's menstrual cycles.

(d) DiMatteo also made sexually offensive comments about other Defendant female employees. For example, one day Ms. Fullmer told DiMatteo that some representatives from a client

3

were upset that a Defendant female security guard was no longer going to be assigned to their building. DiMatteo responded by suggesting that the client was upset because the female security officer must have "been giving head."

(e) When she would confront DiMatteo about his behavior, he would often state that he is an "Italian Catholic" male and that this was his way, and that she should either "get over it or make a life choice and find another job." Ms. Fullmer repeatedly complained to upper management about DiMatteo's sexually abusive behavior. She was told that Defendant would take care of the problem.

(f) Unfortunately, DiMatteo's behavior did not change despite her complaints. He continued screaming at her and making highly offensive comments. In early 2004, DiMatteo yelled at her in his office. She became very upset. DiMatteo blocked his door and refused to allow her to leave the office until Ms. Fullmer told him that he was her "bud." She refused to submit to DiMatteo's demands, and attempted to leave. DiMatteo then placed his hands on her chin and lifted her face to his three times, while demanding that she say he was her "bud." She was scared what he would do to her if she did not indulge his wishes. Desperate to get away from him, she said that he was her "bud" after he asked the third time. DiMatteo then finally allowed Ms. Fullmer to leave the office.

(g) Ms. Fullmer immediately complained to upper management about DiMatteo's actions. She was told that they would take care of the problem. The "bud" incident resulted in Ms. Fullmer having an emotional breakdown and taking medical leave.

(h) Ms. Fullmer returned to work for Defendant, hoping that things would be better since she had complained several times. Yet, nothing changed as DiMatteo continued to yell, scream

4

and make offensive comments to her.

(i) On or about June 10, 2004, DiMatteo came to Ms. Fullmer and tried to hug her from behind. She got away from him and made another security employee sit with her for the next two days for protection. She was afraid of what he would do to her if he got her alone. She complained again about DiMatteo to upper management.

(j) Yet, management responded by doing nothing. Defendant failed to take effective corrective action to stop the harassment.

(k) Defendant Employer knew or should have known about the harassment, but failed to take prompt and effective remedial measures to correct the hostile work environment committed against Patricia Fullmer.

(l) As a result of the continuing sexual harassment and derogatory treatment, Ms. Fullmer was constructively discharged on June 14, 2004.

(8) The effect of the practices complained of in paragraph 7(a) through (l) above has been to deprive Patricia Fullmer of equal employment opportunities and otherwise affect her status as an employee because of her gender (female).

(9) The acts complained of in paragraph 7(a) through (l) were intentional.

(10) The unlawful employment practices complained of in paragraphs 7(a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Patricia Fullmer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, disparate treatment, constructive discharge, and any other employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

D.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.   Order Defendant Employer to make whole Patricia Fullmer by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole Patricia Fullmer by providing

compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a) through (l) above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

 G. Order Defendant Employer to make whole Patricia Fullmer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7(a) through (l) above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

 H. Order Defendant Employer to pay Patricia Fullmer punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (l) above, in amounts to be determined at trial.

 I. Grant such further relief as the Court deems necessary and proper in the public interest.

 J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> RONALD COOPER
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> 1801 L. Street, NW
> Washington, DC 20507
>
> *[signature]*
> JACQUELINE H. MCNAIR
> Regional Attorney
>
> *[signature]*
> JUDITH A. O'BOYLE
> Supervisory Trial Attorney
>
> *[signature]*
> WOODY ANGLADE
> Trial Attorney
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> Philadelphia District Office
> The Bourse Building
> 21 S. 5th Street, Suite 400
> Philadelphia, PA 19106
> Telephone (215) 440-2814

8